Ellen **PERRY**, Administratrix of the Estate of William Perry, Deceased, Appellant,

v.

**UNION BARGE LINE CORPORATION.**

No. 18444.

United States Court of Appeals, Third Circuit.

Argued Sept. 22, 1970.

Decided Oct. 15, 1970.

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

Robert S. Garrett, Egler, McGregor & Reinstadtler, Frederick N. Egler, Pittsburgh, Pa., for appellee.

Before HASTIE, Chief Judge, FREEDMAN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

FREEDMAN, Circuit Judge.

Plaintiff brought this action under the Jones Act [1] for the death of decedent due to the alleged negligence of the defendant. Decedent was a seaman employed for many years as a deckhand aboard various river vessels of the defendant. The claim was that the defendant knowing that decedent suffered from heart and lung ailments sustained in the service of its vessels, negligently failed to furnish maintenance and cure and recalled him from time to time for work which exposed him to noxious fumes from the diesel engines and from chemical cargo. A jury trial resulted in a verdict for the defendant, and plaintiff appeals.

Plaintiff argues that she is entitled to judgment n. o. v. This contention rests largely on the assertion that Dr. Lewis Brown of the Public Health Service negligently certified decedent as fit to work, and in doing so acted as agent for the defendant. This issue of fact was properly left to the jury to resolve.

Plaintiff's motion for a new trial challenges a number of actions by the trial judge. We find it necessary to deal with but one of them. In directing the jury to determine the reasonableness of the defendant's reliance on various medical certificates of decedent's fitness for work, the trial judge invited the jury to indulge in speculation regarding imaginary facts relating to fraud or collusion with the doctors by the employer or the employee. Although the trial judge acknowledged that there was no evidence to this effect, he added that there were conceivable situations where such fraud or collusion

1. 46 U.S.C. § 688.

might exist and then told the jury that they were the sole judges of the facts and it was their duty to determine "what the facts in this situation are." [2] The trial judge refused to withdraw or alter this comment despite the specific exception of plaintiff's counsel at the conclusion of the charge.

It is said by the defendant that even if there were error in this no prejudice resulted to the plaintiff and that indeed the comment was even helpful to her because it presented to the jury the spectacle of a man so in need of work that he may have arranged to obtain from a physician a certification of fitness for work which had made him ill and would now threaten his life. The comment is susceptible, however, of a construction less favorable to plaintiff than defendant tenders. It permitted the jury to speculate that decedent had knowingly assumed the risk of work which he was unfit to perform. It also invited the jury to consider him as one who would engage in fraudulent conduct, and thereby prejudiced him in their eyes on a serious charge which the trial judge himself conceded has no basis in the record.

It is not unusual to encounter the problem of the adequacy of a trial judge's effort to keep the jury from speculating on matters which are not in the record. Here we are confronted with the converse circumstance, where the trial judge himself introduced such speculation for the jury's consideration. Even if the error may have been of some possible aid to plaintiff, she rejected it while the court still had the opportunity to cure the mistake. Plaintiff's right to a trial free from this fanciful issue of fraud injected into the case by the trial judge is not diminished because it may also have deprived the defendant of a fair trial. In such a case the proper administration of justice requires that a fair trial be afforded both parties alike and this will be achieved by the award of a new trial.

In these circumstances it is unnecessary to consider the other grounds asserted in support of the motion for a new trial.

The judgment of the district court will be reversed and a new trial awarded.

2. The trial judge said:
"Normally, as I say, they [defendant] would be entitled to accept such a certificate on its face unless there were circumstances known to them that gave them reasonable cause to be suspicious of the trustworthiness and reliability of such a certificate. * * *

"Well now, this could be a case where a doctor might give out one of these certificates of fitness to go back to work, by collusion with the employee, where the employee wanted to conceal his condition so that he could work and not let the employer know about it.

"On the other hand, maybe the doctor might be the type of doctor thay had in the Army sometimes during the war, it used to be said when they examined people for the draft, when it came to testing their eyes they counted them instead of testing them; if you had two eyes you'd go in the Army, and similarly, in the Army where the doctors are busy taking care of people wounded in battle and so on, they may get to be very hard boiled and think that all these people that show up at sick call are just fakirs trying to get out of some hard job and not really give them any proper medical examination; so if there were any reason to suspect any such thing in this case, I must tell you these are just examples I am giving you, hypothetical illustrations, and actually there is no evidence that I heard in this case that would tend to show any fraud or collusion on the part of either the employer or employee with any of the doctors in the case, but as I say, there are conceivable situations where that might arise, and as I have said repeatedly, you are the sole judges of the facts, and it is your duty to determine what the facts in this situation are."